Judge Robertson
delivered the opinion of the Court.
This is an action of debt,'on a bond executed, by the appellant, and William Thompson, to Buck-hannon as guardian for Levy Jackson, an illegitimate infant, for the penalty of $400, to secure eight instal-ments, of $25 dollars each, adjudged by the county court of Henry, against William Thompson, as the putative father, of Levy Jackson.
The appellee obtained a judgment for such of the " instalments, as were due, and for reversing this judgment, two errors are assigned.
1st. That the court erred in its judgments, on several demurrers.
2d. That it erred in rendering judgment, without the intervention of a jury.
Motion is not the only rem£-dv’bonás*1^" y
Whenever new right occurs, or is created bylaw, if no-remedy be appointed by the statute, the usual remedy for that class of cases, will be appropriate.
As to the 2d error, (which will be considered first,) it is only necessary, to repeat Whát has been often decided, that when the amount to which the plaintiff entitled, is either fixed by law, or by express contract, apparent to the court, on 'the face of the pleadings, it is not necessary that there should be a jury, to ascertain the amount, or assess the damages. In such bases, a jury was not necessary in Virginia, at the time of the separation of Kentucky, from the parent state, and therefore, the clause of the'constitution*, which fuarantees the right of trial by jury, Sltis heretofore” oes not apply to them. See Harrison vs Chiles, III. Littell’s Reports, 200; White vs. Green, III. Monroe 157; Dicken vs Smith, I. Littell’s Reports, 211. A jury in such cases, was hot required in England, II. Sanders, 107; n. 2. Thilusson vs. Fletcher, Douglas, 316; Rol’s. Ab. 571; Sta. 11. H. VII; Dyer, 105, Ba. Ab. Tit. damages (F.) Ja. Law Dic’y. 184—II.
The other error, comprehends several points, all of which grow out of the declaration, and the pleas; and which, without being individually noticed, will all be embraced in the brief, blit comprehensive view, Which we will now take of this branch of the case.
Although the statute authorizes á recovery by mó-lion, on bastardy bonds, that remedy is not exclusive, Suit may be maintained on them, as common law bonds. Hamilton vs. the commonwealth, III. Monroe, 213.
Whenever a new right "Occurs, or is created by either contract, or operation of law, if nó peculiar remedy be appointed for it by stattfte, the usual remedy for the class of cases-, to which it, will belong, will be appropriate. And this general remedy, will be allowable, unless some specific mode of action, bé provided bylaw, in exclusion of any other, either expressly, or constructively.
This is a geueral rule, from which however, 'there áre exceptions, in all cases, for instance, which, being final, must be subjected to strict and rigidrules. The bastardy act, so far as it contemplates a maintenance for the illegitimate offspring, of an unnatural father, *418 ¡g remedial. Besides the bond in this case, not being conformable to the statute, the statutory remedy, bv cannot be maintained. And such has been the decision of this court, on this bond, on a writ of error, from the judgment of the county court, on a;, motion. See IV. Monroe, 484.
othe^stata'1'1 tory bonds," tbo> notexe-on ted accord-are vaHdtUte’ common law bonds.
Generally, my bond, entered into voluntarily & for valid consideration, is good at common law, if not repugnant to ietter or policy of law.
Security cannot, in general, plead duress of his principal.
If therefore, the bond be good, at common law, the common law remedy, for enforcing it, is not only proper, but is the only one, which can be applied.
Replevin and other bonds, required by statute, ^ave frequently been decided by this court, to be valid common law obligations, when not executed according to statute. See Stratton vs. Rowan, II. Bibb, 199; Cobb vs. Curts, IV. Littell’s Reports, 235; Stephenson vs. Miller, II. Littell’s Reports, 306; Fant. &c. vs. Wilson, III. Monroe, 342; Hoy, &c. vs. Rogers, IV. Ib. 225. The people vs. Collins, VII. Johnson, 554.
The general rule is, that a bond, whether required, by statute, or not, is good at common lav/, if entered into voluntarily, and for a valid consideration, and if not repugnant to the letter or policy of the law.
The bond in this case, is not prohibited by law, it is not contrary to the policy of the law; no principle of law was violated in the'exaction or execution of it¿ The consideration was meritorious and legal. We therefore, are of opinion, that it is valid.
The objection urged by counsel, (that it was obtained by duress, on the principal obligor) must be unavailing, for two reasons.
1st. The surety who signs a bond, voluntarily, cam not, in general, be released from its obligation, by pleading the duress of his principal. • Duress is personal, and the surety has not been coerced. Huscombe vs. Standing, Cro. Ia. 187; V. Com’n Dig’t. 644.
.The.principal, if he were sued, might waive the duress,even if there had been any; and therefore, the surety, when sued alone, ought not to avail himself of it. Leal vs. Wigram, XII. Johnson’s Reports, 88.
If an officer “colore officii„’ exacts a bond to himself, which he has no authority to require, the security *419 may avoid it, as well as the principal, because, being, not only unauthorized but positively prohibited, it is totally void.
Bastardy bond, execut-gherfff°o«< of court, in pursuance of an as common law bond
But there can be no such objection to the legality of this bond. It was procured by the sheriff, in pursuance of an order of the county court, and not for his own benefit; but for that of the abandoned offspringof the principal obligor. The authority of the sheriff, was not illegal. When the father was in court, the court had a right to exact the bond of him, and for refusal, to execute it, to imprison him. This would not have been duress. If he escaped, after judgment against him, the court had a right to have him re-taken, and coerce the bond; we are to presume, that lie either escaped, or in some other way, illegally evaded the execution of the bond in court, and consequently, he should not now, if he were a paity, be permited to take advantage of his own wrong, and avoid the bond executed, in conformity to the order, which he had continued, and which the law required him to obey. The court had a right, to compel him to give the bond, and therefore, he cannot complain of coercion, by the authority of the court, unless he could shew, that, that authority, had been abused, to his prejudice. Is the bond for more than the court ordered him to pay? Is it made paya--ble sooner, or is it, for the benefit of any other person, than the judgment of the court required? If not, what objection could be made to it, by the principal, who was endeavoring to escape from the court, and openly violate the laws of nature,and resist the judgment of a competent tribunal? He lias only been caught, and compelled to comply with the order, to which he ought to have submitted at once, without resistance.
There is no evidence of coercion, or of any illegal assumption of power by the sheriff, and consequently the bond is not voidable for duress, and brings us to the 2d. reason, and that is, that there was no duress,
When an individual is forced to his duty, by a tribunal, having competent authority, to coerce him, he cannot plead duress. Justice is upheld by force. The law is maintained by force, physical, as well, as *420 moral, if a citizen, will not do justice voluntarily, he must be coerced. If, in this instance, force had been applied, it was applied,only, because it was rendered necessary, by the improper conduct, of the principal obligor, and it has only compelled him to do, that which the law required him to do, without force. He could not therefore, plead duress, and ua forti-ori,” his security cannot. But there was no force, nor duress.
If specialty, expressly acknowledge a consideration obligor is esr topped to deny by plea, or prove by pa ro), ‘no consideration,’’ or a ‘different’ one i rom that expressed, unless he allege and prove fraud. or mistake. Thus high stood unsealed writings, at common law, and so stand specialties now.
The declaration is good. It recites the bond correctly, The plea to the consideration was not good. It.was not, sworn to. This was a ground for objection tos the filing of it, rather than of demurrer to it. But it is radically defective. It denies, that the bond was executed, for any good, o,r valid consideration. This, is unavailing, when the bond acknowleges and shews a consideration. The obligors, in such a case, are estopped by their own express acknowledgements, in the bond, to plead, that it was without consideration. The statute, authorizing the consideration of specialties, to, the impeached, only authorizes it to be done, ns the consideration of writings, without seal, might haye b,een impeached at common law. If a writing expressly acknowledged a consideration, the obligor was not permitted by the common law, to. deny by plea* or to prove by parol testimony, that there was no consideration, of that there was one, different from that expressed, unless he alleged, and proved, either fraud or mistake. The reason was, that writ-, ten evidence, was morecredible, than that of witnesses, and could not be contradicted by it. When therefore, a written contract, acknowledged a particular-consideration, it was not competent, for either party to it, to contradict or deny it. And hence, now a der tendant, cannot plead, that a written contract was executed, without consideration, if the writing expressly admit a sufficient consideration.
The bond in this case, shews the whole consideration, and therefore, the defendant could not plead, that there was no consideration. Nor was the plea, that the bond was taken by the sheriff, under color of office, good. The reasons have been given. The order of court, did not require the bond to be taken, contrary to the statute.
Monroe, for appellant; T. T. Crittenden and Haggin, for appellees.
Wherefore, as tbe bond seems to be a good common law bond, executed for a good and legal consideration, and as an appropriate suit, is well brought upon it, and no available defence, has been pleaded the judgment of the circuit court, is affirmed with costs, and damages.